IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr106-MHT |
| | ) | (WO) |
| ANTONIO FLYNN and | ) | |
| STEVEN PRUITT, JR. | ) | |

OPINION AND ORDER

This case is before the court on a written motion to continue trial and to extend pretrial deadlines filed by defendant Steven Pruitt, Jr., and oral motions to continue made at a hearing on October 25, 2018, by defendant Antonio Flynn and counsel for the government. For the reasons set forth below, the court finds that jury selection and trial, now set for November 5, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to December 3, 2018.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pruitt and Flynn in a speedy trial. Current defense counsel was appointed to represent Pruitt on October 2, 2018, and seeks a continuance because she needs more time to review the voluminous discovery. Counsel for Flynn represents that she needs more time to complete negotiations on a potential plea agreement. Counsel for the government seeks the continuance as to both defendants to ensure the effectiveness of defense counsel and to have sufficient time for plea negotiations. The court concludes that a continuance is warranted to allow Pruitt's and Flynn's counsel a reasonable amount of time to pursue plea negotiations, or alternatively, to prepare fully and effectively for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Steven Pruitt, Jr.'s written motion to continue (doc. no. 115), as well as defendant

Antonio Flynn's and the government's oral motions to continue made on the record on October 25, 2018 (doc. nos. 121 and 122), is granted.

(2) Defendant Pruitt's motion to extend the pretrial motions deadline (doc. no. 115), as well as any such motions by defendant Flynn and/or the government, is left for resolution by the Magistrate Judge.

(3) The jury selection and trial for defendants Flynn and Pruitt, now set for November 5, 2018, are reset for December 3, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 25th day of October, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**